Per Curiam.

This is an appeal from that portion of a decree granted by the Surrogate of Erie County admitting to probate the instrument dated May 5,1947, as the last will and testament of August E. Ernst after a trial of the stated controverted questions in a contest against the admission of the will in Supreme Court, Erie County, before a jury.
On the trial the Trial Justice directed the jury to answer affirmatively the questions as to due execution of the instrument and as to the testator’s being of sound mind and memory and being capable of making a will and to answer in the negative the question as to fraud, deceit and undue influence.
On April 25, 1947, a jury, in a proceeding which had been brought to have August E. Ernst declared incompetent, refused to so find.
On May 5, 1947, the instrument in suit was executed.
The Trial Justice received evidence offered by contestants in their effort to overcome the presumption of competency created as of April 25, 1947, by the- verdict of the jury in the incompetency proceeding but clearly stated that it was received only to support a showing of change of mental condition of the decedent subsequent to April 25, 1947.
Evidence of the sort of person decedent was throughout his lifetime, his manners, way of living and eccentricities was received but only to reach the point of possible change in his mental condition after April 25, 1947, and before the will was made.
Conceivably a person might be adjudged competent, immediately make a will and immediately thereafter die, leaving practically no time within which a change of mental condition could occur and no point to which to direct evidence of his lifetime mental condition. If that is the law the rebuttable presumption of competency as of the time of adjudication became a conclusive presumption of competency which may not, under this ruling, be rebutted. ,
Also, conceivably, as perhaps is the case here, no evidence of change of mental condition between times could be shown but much might be shown to overcome the presumption created by the verdict of the jury which failed te find the person incompetent, but in vain, under such a ruling.
Here, the Trial Justice stated that the contestants were not to succeed unless they showed a change in the few days intervening between the time of. the verdict of the jury in the incompetency proceeding and the time of making of the will. *591 His direction of a verdict was clearly based upon the failure to show such change.
The presumption of competency of August E. Ernst to manage himself and his affairs, created by the verdict of the jury in the incompetency proceeding was subject to being overcome by evidence of all of his acts and utterances during his lifetime and the further presumption that the sound mental condition established by the verdict in the incompetency proceeding continued may also be overcome by convincing proof of a change in mental condition between the time he was judicially declared competent and the time when the will was executed and that he was not of sound mind at that time. (Hughes v. Jones, 116 N. Y. 67; Rintelen v. Schaefer, 158 App. Div. 477; 168 App. Div. 958, affd. 219 N. Y. 620.)
Only the latter one of these two presumptions was taken into account. This was error and it necessitates reversal of that portion of the decree appealed from and a new trial.
All concur, except Tavlor, P. J., and Pipér, J., who dissent and vote for affirmance. Present — Taylor, P. J., Love, Vaughan, Kimball, and Piper, JJ.
Decree insofar as appealed from reversed on the law and a new trial granted, with costs to the appellants to abide the event. [See 278 App. Div. 742.]